**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

JERMAINE CARSON

       Plaintiff,

 - against -

WESTERN EXPRESS, INC. and
TIMOTHY TUCKER,

       Defendants.

**OPINION AND ORDER**

19 Civ. 2227 (ER)

RAMOS, D.J.:

  Jermaine Carson, brought suit against Western Express, Inc. ("Western Express") and Timothy Tucker (together, "Defendants") in New York Supreme Court seeking damages under New York Insurance Law for a motor vehicle accident that took place in the State of Pennsylvania.[1] Doc. 1, Ex. A. Defendants removed the action to federal court on March 12, 2019. Doc. 1. This Court has diversity jurisdiction pursuant to 28 U.S.C. §§ 1332(a), 1441(a)–(b).

  Before the Court is Defendants' Motion for Summary Judgment on the basis that this Court lacks personal jurisdiction over both Western Express and Tucker. For the reasons stated below, the motion is GRANTED.

### I. BACKGROUND

  On December 28, 2017, Tucker—during the course of his employment with, and driving a truck owned by, Western Express—allegedly rear-ended Carson's truck. Doc. 1, Ex. A ("Complaint") ¶ 27–34. Doc. 20, Ex. A at 2–5. The collision took place in Pennsylvania.

---

[1] The suit initially also named Western Express PA LLC as a defendant. However, Western Express PA LLC was voluntarily dismissed from this litigation on July 18, 2019. Doc. 15.

Complaint ¶ 31. Carson is domiciled in New York, and Tucker is domiciled in Virginia. Complaint ¶¶ 1–2; Doc. 5 ("Answer") ¶ 2. It is undisputed that Western Express, a trucking company that does business across the United States, is incorporated and headquartered in Tennessee. Complaint ¶ 5; Answer ¶ 5; Doc. 18, Ex. E ("Easterday Affidavit"). Additionally, Western Express has designated an agent for service of process in all fifty states, including New York, pursuant to the Federal Motor Carrier Act. 49 U.S.C. § 13304(a). Doc. 18, Ex. 9 ("MOL") at 6–7; Doc. 20 ("Opp.") at 2–3.

After the collision, Carson sued Western Express and Tucker for damages under New York Insurance Law. Complaint ¶¶ 39–42. Defendants then removed the case to federal court and filed an Answer in which they raised personal jurisdiction as an affirmative defense. Answer at 6. Defendants again raised personal jurisdiction in a letter to the Court and indicated that they intended to file a motion to dismiss on that basis. Doc. 9; Minute Entry for June 20, 2019. The instant motion for summary judgment followed.

## II.  LEGAL STANDARD

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "An issue of fact is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Senno v. Elmsford Union Free Sch. Dist.*, 812 F. Supp. 2d 454, 467 (S.D.N.Y. 2011) (quoting *SCR Joint Venture L.P. v. Warshawsky*, 559 F.3d 133, 137 (2d Cir. 2009)). A fact is "material" if it "might affect the outcome of the suit under the governing law." *Id.* (internal quotation marks and citation omitted). "When the burden of proof at trial would fall on the nonmoving party, it ordinarily is sufficient for the movant to point to a lack of evidence to go to the trier of fact on an essential element of the nonmovant's claim. In

that event, the nonmoving party must come forward with admissible evidence sufficient to raise a genuine issue of fact for trial in order to avoid summary judgment." *Jaramillo v. Weyerhaeuser Co.*, 536 F.3d 140, 145 (2d Cir. 2008) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986)).

In deciding a motion for summary judgment, the Court construes the facts in the light most favorable to the nonmovant and resolves all ambiguities and draws all reasonable inferences against the movant. *Brod v. Omya, Inc.*, 653 F.3d 156, 164 (2d Cir. 2011). The nonmovant, however, may not rely on unsupported assertions or conjecture in opposing summary judgment. *Goenaga v. March of Dimes Birth Defects Found.*, 51 F.3d 14, 18 (2d Cir. 1995). Rather, the nonmovant "must set forth significant, probative evidence on which a reasonable fact-finder could decide in its favor." *Senno*, 812 F. Supp. 2d at 467–68 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256–57 (1986)). "To avoid summary judgment, all that is required of the non-moving party is a showing of sufficient evidence supporting the claimed factual dispute as to require a judge or jury's resolution of the parties' differing versions of the truth." *Id.* "If the defendant asserts in a Rule 56 motion that undisputed facts show the absence of jurisdiction, the court proceeds, as with any summary judgment motion, to determine if undisputed facts exist that warrant the relief sought." *Ball v. Metallurgie Hoboken-Overpelt, S.A.*, 902 F.2d 194, 197 (2d Cir. 1990).

### III. DISCUSSION

Defendants argue that this Court lacks personal jurisdiction over them because neither Western Express nor Tucker are citizens of New York and because Western Express is not "so heavily engaged in activity in New York as to render it essentially at home [here]." MOL at 2. Carson counters that the Court has personal jurisdiction over both defendants because Western

Express designated an agent for service of process in New York, as required by the Federal Motor Carrier Act. Opp. at 2–3.

To determine whether it has personal jurisdiction over a foreign defendant, the Court must first determine whether the laws of the forum state permit exercise of jurisdiction. *Chatwal Hotels & Resorts LLC v. Dollywood Co.*, 90 F. Supp. 3d 97, 102–03 (S.D.N.Y. 2015) (citing *Chloe v. Queen Bee of Beverly Hills, LLC*, 616 F.3d 158, 163 (2d Cir. 2010); *Best Van Lines, Inc. v. Walker,* 490 F.3d 239, 244 (2d Cir. 2007)). In New York, jurisdiction may be established over a defendant by general jurisdiction under New York Civil Practice Law and Rules ("CPLR") § 301, or specific jurisdiction under CPLR § 302. *See Delorenzo v. Ricketts & Assocs., Ltd.*, No. 15 Civ. 2506 (VSB), 2017 WL 4277177, at *6 (S.D.N.Y. Sept. 25, 2017). Courts must then determine whether the exercise of such personal jurisdiction comports with the requirements of due process. *Best Van Lines, Inc.*, 490 F.3d at 244 ("The reach of New York's long-arm statute . . . does not coincide with the limits of the Due Process Clause. Analysis under it therefore may involve two separate inquiries, one statutory and one constitutional.").

Specific jurisdiction does not apply in this case, as the motor vehicle accident took place in Pennsylvania and Carson alleges no injuries related to the State of New York. The only question, then, is whether this Court has general personal jurisdiction over the Defendants. General jurisdiction in New York exists where a company "has engaged in such a continuous and systematic course of doing business in New York that a finding of its presence in New York is warranted." *Sonera Holding B.V. v. Cukurova Holding A.S.*, 750 F.3d 221, 224 (2d Cir. 2014) (internal quotations, modifications, and citation omitted).

However, a court's exercise of general jurisdiction over a foreign corporation only comports with the due process requirements of the Fourteenth Amendment if the corporation's

"affiliations with the State . . . render [it] essentially at home in the forum State." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (citation omitted). "[T]he general jurisdiction inquiry 'is not whether a foreign corporation's in-forum contacts can be said to be in some sense continuous and systematic,' but rather . . . 'whether that corporation's affiliations with the State are *so* continuous and systematic *as to render it essentially at home* in the forum.'" *Brown v. Lockheed Martin Corp.*, 814 F.3d 619, 627 (2d Cir. 2016) (quoting *Daimler AG v. Bauman*, 571 U.S. 117, 139 (2014). A corporation is "essentially at home" in the state of incorporation and the state of its principal place of business. *Daimler*, 571 U.S. at 138–39. Only in a "truly exceptional case" may "another jurisdiction . . . exercise such sweeping powers as the use of its adjudicatory authority to decide matters unrelated to its citizens or to affairs within its borders." *Brown*, 814 F.3d at 627 (internal quotation marks and citations omitted). Most recently, the Supreme Court again reiterated that "the paradigm forum for the exercise of general jurisdiction . . . for a corporation . . . [is where] the corporation is fairly regarded as at home." *Bristol-Myers Squibb Co. v. Superior Court of Cal., San Francisco Cty.*, 137 S. Ct. 1773, 1780 (2017) (citing *Goodyear*, 564 U.S. at 924, 131 S.Ct. 2846) (internal quotations omitted).

The central dispute in this motion is whether Wester Express consented to personal jurisdiction in New York State by designating an agent for service of process, as required by the Federal Motor Carrier Act. Carson points to several cases that have addressed this issue and have held that such designation does, indeed, confer general personal jurisdiction. Opp. at 4–7. However, none of these cases post-date *Daimler*. As the Second Circuit noted in *Brown*, "*Daimler*, decided in 2014, considerably altered the analytic landscape for general jurisdiction and left little room for [arguments that contacts of substance, deliberately undertaken and of

5

some duration could place a corporation 'at home' in many locations]." 814 F.3d at 629. Indeed, a court within this District has addressed this very question post-*Daimler*, and it has concluded in no uncertain terms that "designation of an agent to accept service of process on [a foreign corporation's] behalf does not effect a consent to general personal jurisdiction in New York." *Hartford Fire Ins. Co. v. Maersk Line*, No. 18 Civ. 121 (PKC), 2019 WL 4450639, at *6 (S.D.N.Y. Sept. 17, 2019). This Court finds that decision persuasive and thus determines that the designation of an agent for service alone cannot provide this Court with general personal jurisdiction over Defendants.

Neither does the Court find any other basis for asserting personal jurisdiction over Defendants. Under *Daimler*, "the place of incorporation and principal place of business are paradigm . . . bases for general jurisdiction" for a corporation. *Daimler*, 571 U.S. at 137 (internal quotation marks and citations omitted). It is uncontested in this case that Western Express is incorporated and headquartered in Tennessee. *See* Complaint ¶ 5; Answer ¶ 5; Easterday Affidavit. And New York can hardly be described as Western Express's principal place of business; for example, it has terminals in seven states, none of which are New York. Easterday Affidavit ¶ 7–8. Neither does it have offices or bank accounts in New York State. *Id.* ¶ 9–10. This is not a case where Western Express's "affiliations with the State are so continuous and systematic as to render [it] essentially at home in [New York]." *Daimler*, 571 U.S. at 139 (internal quotation marks and citations omitted). Carson presents no evidence to cast doubt on this conclusion.

Similarly, it is uncontested that Tucker is domiciled in Virginia. Complaint ¶ 2; Answer ¶ 2. "For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile . . . ." *Daimler*, 571 U.S. at 137. Furthermore, Tucker has shown that he

has little to no connections to New York. Doc. 18, Ex. F. Carson has not alleged or suggested otherwise. Therefore, the Court finds that it does not have personal jurisdiction over either Defendant.

## IV. CONCLUSION

For the reasons stated above, the Court GRANTS Defendants' motion for summary judgment. The Clerk of Court is respectfully directed to terminate the motion, Doc. 18, and to close the case.

SO ORDERED.

Dated: November 12, 2019
      New York, New York

                                                 Edgardo Ramos, U.S.D.J.